UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRACEY SEGURA, ET AL.** | * | CIVIL ACTION |
| Plaintiff, | * | NUMBER: 14-2495 |
| v. | * | SECTION: "J" (4) |
| **FEDEX SMARTPOST, INC. and UNITED STATES POSTAL SERVICE** | * | |
| | * | |
| Defendants. | * | |
| * * * | | |

**UNITED STATES OF AMERICA'S ANSWER TO
PLAINTIFF'S "SECOND SUPPLEMENTAL AND AMENDED PETITION"**

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the United States of America (referred to herein as "Defendant USA"[1]) who files this Answer to Plaintiff's Second Supplemental and Amended Petition (referred to herein as "Complaint"). *See* Rec. Doc. 1-2 at 6-8.

Defendant USA responds to the individual-numbered paragraphs of Plaintiff's Complaint as follows:

1.  Defendant USA is without sufficient information to admit or deny the truth or falsity of the factual allegations contained in Plaintiff's original Petition for Damages, Rec. Doc. 1-2 at 9-11, and every allegation in Complaint Paragraph 1, and therefore denies same out of an abundance of caution.

---

[1] Responses denominated herein as from "Defendant USA" are made on behalf of the United States Postal Service and the United States of America. The United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act, 39 U.S.C. § 409(c), whose provisions are set forth at 28 U.S.C. §§1346(b), 2401(b), 2671-2680 ("FTCA"). Accordingly, all claims against the United States Postal Service must be dismissed with prejudice.

1

2. Defendant USA is without sufficient information to admit or deny the truth or falsity of the factual allegations contained in the document reference in Paragraph 2, Rec. Doc. 1-2 at 12-13, and every allegation in Complaint Paragraph 2, and therefore denies same out of an abundance of caution.

3. Defendant USA is without sufficient information to admit or deny the truth or falsity of the allegations of fact contained in Plaintiff's original Petition for Damages, Rec. Doc. 1-2 at 15-16, and every allegation in Complaint Paragraph 3, and therefore denies same out of an abundance of caution.

4. Denied.

5. Denied.

6. Defendant USA avers that these allegations constitute Plaintiffs' prayer for relief, to which no answer is required. However, to the extent that the aforementioned paragraph may be deemed to contain allegations of fact, they are denied.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

The United States Postal Service is not a proper party defendant in Plaintiff's personal injury suit, which can only properly be brought against the United States of America under the FTCA. Accordingly, all claims against the United States Postal Service must be dismissed with prejudice.

### **Second Defense**

Plaintiff's alleged damages, if any, were sustained without any negligence, fault, want or care on the part of the Defendant USA.

### Third Defense

In the event the Defendant USA is found negligent, which negligence it denies, Plaintiff's own carelessness and negligence contributed to causing any alleged injuries or damages and any recovery must be comparatively reduced by the amount of his own negligence.

### Fourth Defense

If Plaintiff's injuries were not caused solely by Plaintiff himself, they also were caused by a third party and not the United States Postal Service or the United States of America. If Plaintiff is awarded any recovery against the United States Postal Service or the United States of America in this matter, the Defendant USA hereby asserts its right to any and all allowable contribution and indemnity from all third parties responsible for causing Plaintiff's injuries (if any).

### Fifth Defense

The United States Postal Service maintained the premises and its equipment at Mandeville, Louisiana in a reasonably safe condition.

### Sixth Defense

If the alleged condition did exist on the dock of the Mandeville Post Office on September 11, 2012, it was not hazardous and was open and obvious and Plaintiff should have observed it if he was acting with due care and with proper concern for his own safety.

### Seventh Defense

Plaintiff was a frequent visitor to the Mandeville, Louisiana Post Office where he alleges he was injured; therefore he had actual notice of the condition of which he complains or should have. Accordingly, it was his own negligence that caused his injuries.

**Eighth Defense**

The Postal Service had no notice of a condition which was unreasonably unsafe on the premises of the Mandeville, Louisiana Post Office before Plaintiff alleges he was injured there on September 11, 2012.

**Ninth Defense**

If Plaintiff is alleging the danger was hidden or not visible, the Postal Service did not have superior access to the knowledge of the alleged hidden danger, and the Postal Service did not know of the hidden danger in time to remove it.

**Tenth Defense**

Plaintiffs' claim is one of general premises liability, which fails to state a claim under the FTCA, and therefore must be dismissed.

**Eleventh Defense**

Upon information and belief, some or all of the medical conditions which Plaintiff alleges were caused by the subject accident, are the result of his pre-existing or subsequent physical and medical conditions and treatments or other accidents, and were not caused by the subject accident.

**Twelfth Defense**

Based on the documents and information Plaintiff provided in the administrative process, Plaintiff has reached maximum medical improvement and recovered from his alleged injuries and the damages claimed are unreasonable.

**Thirteenth Defense**

The Defendant USA is entitled to any and all offsets and/or credits to which it may be entitled as a result of a provision of services or payments of benefits or expenses to Plaintiff

through Medicare or any other agency of the USA, Louisiana Medicaid (to the extent such benefits were paid by the United States) and any and all damages incurred by the USA.

### Fourteenth Defense

Pursuant to 28 U.S.C. §2674, Plaintiff is proscribed from recovering any amount for punitive or prejudgment damages against the Defendant USA.

### Fifteenth Defense

Plaintiff failed to mitigate his damages.

### Sixteenth Defense

Pursuant to 28 U.S.C. §2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in a claim validly presented to the Defendant.

### Seventeenth Defense

The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

### Eighteenth Defense

Pursuant to 28 U.S.C. §2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States.

### Nineteenth Defense

The alleged injuries and damages in the Complaint were not proximately caused by the negligent or wrongful act or omission of an employee of the United States.

### Twentieth Defense

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

### Twenty-First Defense

Pursuant to §2671-2680, a federal court sitting without a jury tries cases brought under 28 U.S.C.S. §2402 of the Federal Tort Claims Act (FTCA). Therefore, any request by Plaintiff for a jury trial must be stricken as to the Defendant USA.

### Twenty-Second Defense

Plaintiff was an independent contractor responsible for his own actions, and thus the Defendant USA cannot be held responsible for his actions or alleged injuries or damages, and all claims against Defendant USA must be dismissed.

### Twenty-Third Defense

Defendant USA's use of the loading dock at the Mandeville Post Office dock, i.e., when and how it clears pallets and packages, is a discretionary function for which it cannot be held responsible under the Federal Tort Claims Act.

### Twenty-Fourth Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Twenty-Fifth Defense

Mrs. Tracy Watson Segura failed to file a claim relating to the alleged September 11, 2012 incident at the Mandeville, Louisiana Post Office involving her spouse Plaintiff Tracy Allan Segura (also known as Trey Segura), and therefore, did not properly exhaust her administrative remedies as required by the Federal Tort Claims Act. (*See* 28 U.S.C. §2401(b), 2-year limit to file tort claim with Agency). Accordingly, any claim by Tracy Watson Segura in this suit must be dismissed with prejudice.

**Twenty-Sixth Defense**

If Plaintiff is awarded any damages in this action pertaining to past medical expenses, he may only recover the amount of medical expenses actually paid.

**Twenty-Seventh Defense**

Plaintiff is not entitled to any relief whatsoever. The Defendant denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

**Twenty-Eighth Defense**

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injuries, cutting off the legal effect of the United States' negligence.

WHEREFORE, having fully answered the Complaint, Defendant USA prays that it be dismissed with prejudice and that judgment be awarded in favor of the Defendant USA, together with costs and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,
KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

/s/ JASON M. BIGELOW
JASON M. BIGELOW (29761)
Assistant United States Attorneys
650 Poydras Street, 16TH Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3025
Fax: (504) 680-3174
Email: Jason.bigelow@usdoj.gov

OF COUNSEL:
Kathleen M. Arndt
Attorney for the United States Postal Service
General Law Service Center – National Tort Center
1720 Market Street, Room 2400
St. Louis MO 63155-9948
Telephone:     314-345-5868
Facsimile:      202-406-4618
kathleen.m.arndt@usps.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by ECF, facsimile, or mailing the same to each, properly addressed and postage prepaid this 19th day of December, 2014.

/S/ JASON M. BIGELOW
JASON M. BIGELOW
Assistant United States Attorney