UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRACY SEGURA, ET AL. | * | CIVIL ACTION NO. 14-2495 |
| VERSUS | * | JUDGE BARBIER |
| FEDERAL EXPRESS CORPORATION | * | MAGISTRATE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT OF INTERVENTION AND THIRD PARTY DEMAND
### FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Intervenor, Fireman's Fund Insurance Company ("Fireman's Fund"), which files this Complaint of Intervention and Third Party Demand seeking a judicial determination concerning the rights and obligations under a policy of insurance issued by Nova Casualty Company:

### Jurisdiction

I.

Third Party Plaintiff, Fireman's Fund, is a California corporation with its principal place of business in Navato, California.

II.

Third Party Defendant, Nova Casualty Company ("Nova"), is a New York corporation with its principal place of business in Windsor, Connecticut.

III.

This Intervention is brought pursuant to the Declaratory Judgment Act, Title §§ 2201, 2202 of the United States Code because there is an actual controversy among the parties. This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C.A. §1332.



Diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs.

## Venue

IV.

Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events in the underlying action occurred in St. Tammany Parish, Louisiana.

## Factual Background

V.

FedEx Smartpost ("FedEx") was named as a defendant in the underlying lawsuit filed by Plaintiff, Tracy Segura ("Segura"), for alleged injuries sustained on or about September 11, 2012 during the course and scope of employment with Tiger Logistics, Inc. ("Tiger"), when a pallet of FedEx packages tipped over and allegedly landed on Segura (the "Incident").

VI.

Fireman's Fund issued a commercial general liability insurance policy ("the Fireman's Fund Policy") to Tiger on or about May 5, 2012, which purportedly provides coverage to Tiger for the Incident.

VII.

Fireman's Fund began defending FedEx against Segura in the underlying lawsuit following receipt of what it deemed satisfactory proof that FedEx was an additional insured on the commercial general liability policy of insurance issued by Fireman's Fund to Tiger.

VIII.

Fireman's Fund has been participating in the litigation of the underlying claims since that time under an informal agreement with FedEx.

IX.

In addition to the commercial general liability policy issued by Fireman's Fund, Nova issued a commercial automobile policy to Tiger on or about October 15, 2011. FedEx is an additional insured under the Nova Policy.

**THE NOVA INSURANCE POLICY**

X.

For the policy period October 15, 2011 to October 15, 2012, Nova provided commercial automobile insurance to Tiger under policy no. LGC-CA-0010285-1 ("the Nova Policy").

XI.

The Nova Policy contains the following language regarding additional insureds under the Policy:

3. **Additional Insured-By Contract, Agreement or Permit**
   Paragraph **A.1 Who is An Insured of SECTION II, LIABILITY COVERAGE** is amended to add:

   a. Any person or organization is an insured with whom you are required to add as an additional insured to this policy by written contract, written agreement, or permit that is:

      (1) currently in effect or becoming effective during the term of this policy; and
      (2) executed prior to the "bodily injury"...

   b. This insurance provided to the additional insured by this endorsement applies as follows:

      (1) That person or organization is only an additional insured with respect to liability caused by your negligent acts or omissions at or from:
         i. Premises you own, rent, lease or occupy, or
         ii. Your ongoing operations performed for the additional insured at the job indicated by written contract or written agreement.

## XII.

As Segura's alleged injuries were sustained during Tiger's ongoing operations for FedEx pursuant to their written contract, FedEx is an insured under the Nova Policy.

## XIII.

The Nova Policy also provides liability coverage as follows:

**A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

## **THE DISPUTE**

## XIV.

Fireman's Fund avers that a *bona fide*, justiciable controversy exists between and among Fireman's Fund and Nova as to the rights and obligations under the Nova Policy.

## XV.

Fireman's Fund contends that Nova is obligated to assume the defense and indemnity of FedEx because Segura is seeking sums from an insured under the Nova policy, FedEx, because of a qualifying bodily injury that was caused by an accident, thus triggering the Nova Policy.

## **COUNT ONE - DECLARATORY RELIEF**

## XVI.

Fireman's Fund realleges and incorporates by reference paragraphs I-XV of this Complaint of Intervention and Request for Declaratory Relief, as if set forth here in full.

## XVII.

There is a real and justiciable controversy as to the obligations of Nova under the Nova Policy for the underlying claims, with respect to the following non-exclusive issues.

XVIII.

The Nova Policy covers claims for bodily injury to an additional insured which occurs during the policy period.

XIX.

Fireman's Fund seeks a declaration that the Nova Policy obligates Nova to defend and indemnify FedEx for the underlying claims brought by Segura.

**RELIEF REQUESTED**

**WHEREFORE**, Intervenor, Fireman's Fund Insurance Company, prays that this Complaint of Intervention and Third Party Demand for Declaratory Judgment be filed and served, and that the Court find and declare that:

1. Fireman's Fund is entitled to all of the declaratory relief requested in its Count One for Declaratory Relief; and

2. For all such other, further or different relief as the Court deems just and equitable.

Respectfully submitted:

**DEGAN, BLANCHARD & NASH**

/s/ Karl H. Schmid
SIDNEY W. DEGAN, III (#4804)
KARL SCHMID (#25241)
KYLE A. SPAULDING (#29000)
400 Poydras St., Suite 2600
New Orleans, Louisiana 70130
Office: 504.529.3333
Fax: 504.529.3337
Emails: sdegan@degan.com
        kschmid@degan.com
        kspaulding@degan.com

*Attorneys for Intervenor,*
*Fireman's Fund Insurance Company*