UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TRACEY SEGURA, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 14-2495-CJB-KWR |
| FEDERAL EXPRESS CORPORATION | |

**ANSWER AND DEFENSES**

**JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Third Party Defendant, **NOVA CASUALTY COMPANY**, which answers the Third Party Demand filed against it by Third Party Plaintiff, Fireman's Fund, as follows:

**FIRST DEFENSE**

The Intervention should be dismissed, with prejudice, and at Intervenor's costs for Intervenor has no right to intervene in this matter as Intervenor has no direct, substantial and legally protectable interest related to the present controversy; the disposition of the case will not impair or impede the Intervenor's ability to protect its interest; and the existing parties adequately represent the Intervenor's interest.

**SECOND DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs as this Court lacks jurisdiction over this matter as there is no actual or justiciable controversy between the parties.

1

**THIRD DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for this action is premature as the alleged controversy between the parties is non-existent, or alternatively, it is abstract or hypothetical.

**FOURTH DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for no legal relationship exists between Third Party Plaintiff and Third Party Defendant, and Third Party Plaintiff lacks standing and privity of contract to assert this claim against Third Party Defendant.

**FIFTH DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for The Third Party Demand fails to state a claim upon which relief could be granted.

**SIXTH DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for The Third Party Demand fails to join indispensable and necessary parties.

**SEVENTH DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for The Third Party Plaintiff is not entitled to equitable or contractual contribution.

**EIGHTH DEFENSE**

The Third Party Demand should be dismissed, with prejudice, and at Third Party Plaintiff's costs for The Third Party Plaintiff should be estopped from asserting this claim as it

has waived any right to disclaim coverage to FedEx for it has accepted coverage for the claims made by Plaintiff against FedEx; it has admitted it has coverage for the claims made by Plaintiff against FedEx; it has failed to reserve its right to dispute coverage; and it has admitted to Nova that Nova's policy provides no coverage for the claims made by Plaintiff against FedEx.

### **NINTH DEFENSE**

Third Party Defendant contends that it has no obligation to defend or indemnify FedEx against the claims made by Segura as the allegations made by the Plaintiff, and the evidence that has been developed in this matter, has not established a duty to defend, nor coverage under the policy of insurance issued by Third Party Defendant. Third Party Defendant pleads the provisions of its policy as if fully copied here.

NOW HAVING ASSERTED the aforementioned defenses, and reserving all rights to assert additional defenses which may become available, Third Party Defendant answers the Third Party Complaint as follows:

I.

The allegations of paragraph I are denied for lack of sufficient information to form a belief therein.

II.

The allegations of paragraph II are admitted.

III.

The allegations of paragraph III require no response from Nova, but to the extent a response is required, they are denied as there is not an actual controversy among the parties.

IV.

The allegations of paragraph IV are admitted.

V.

The allegations of paragraph V are admitted, upon information and belief.

VI.

The allegations of paragraph VI are admitted, upon information and belief.

VII.

The allegations of paragraph VII are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of paragraph VIII are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of paragraph IX are admitted.

X.

The allegations of paragraph X are admitted.

XI.

The allegations of paragraph XI are denied, as written, for the Nova policy is the best evidence of its content, and it is incorporated herein by reference as if copied fully here.

XII.

The allegations of paragraph XII are admitted.

XIII.

The allegations of paragraph XIII are denied, as written, for the Nova policy is the best evidence of its content, and it is incorporated herein by reference as if copied fully here.

XIV.

The allegations of paragraph XIV are denied.  Additionally, Nova states that Fireman's Fund admitted previously to Nova that it (Fireman's Fund) had reviewed the Nova policy and agreed with Nova that there was no defense and indemnity obligation by Nova to FedEx.

XV.

The allegations of paragraph XV are denied.

XVI.

The allegations of paragraph XVI are denied.

XVII.

The allegations of paragraph XVII are denied.

XVIII.

The allegations of paragraph XVIII are denied.

XIX.

The allegations of paragraph XIX are denied.

XX.

The allegations of the last, unnumbered paragraph beginning WHEREFORE are denied, and it is specifically denied that the Third Party Plaintiff is entitled to any relief whatsoever from Third Party Defendant.

**WHEREFORE**, Third Party Defendant, **NOVA CASUALTY COMPANY**, respectfully prays that the Third Party Complaint filed against it be dismissed, with prejudice, and at Third Party Plaintiff's costs.

Respectfully submitted this 2nd day of July, 2015.

                                      **GUGLIELMO, MARKS, SCHUTTE,**
                                       **TERHOEVE & LOVE**

                    **BY:**   /s/Andrew W. Eversberg
                            **ANDREW W. EVERSBERG (26026)**
                            320 Somerulos Street
                            Baton Rouge, LA 70802-6129
                            Telephone: (225) 387-6966
                            Fax: (225) 387-8338
                            Email: drew@gmstl.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing via the Court's CM/ECF system which will deliver copies to all counsel of record.

Baton Rouge, Louisiana this 2nd day of July, 2015.

                                              /s/Andrew W. Eversberg
                                              ANDREW W. EVERSBERG