UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY SEGURA, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  14-2495** |
| **FEDEX SMARTPOST, INC., et al** | **SECTION: "J-4"** |

ORDER

Before the Court is a **Motion to Compel Discovery Responses and Completion of Corporate Deposition of FedEx Smartpost (R. Doc. 24)** filed by Plaintiffs, husband and wife, Tracy Segura ("Mr. Segura"), and Tracy Segura ("Mrs. Segura") (collectively, "Plaintiffs"). The Plaintiffs seek a court order compelling discovery responses and production of the CEO of FedEx Smartpost, Inc. ("FedEx") for the completion of the FedEx corporate deposition. The motion is opposed. R. Doc. 27. The motion was heard by oral argument on Wednesday, July 15, 2015.

I.  Background

This action arises out of the injuries that Mr. Segura sustained on September 11, 2012 during the course of his employment with Tiger Logistics, a third party courier service. R. Doc. 1-2, p. 9. The accident occurred while Mr. Segura was delivering a FedEx pallet of packages to the United States Post Office ("USPO") in Mandeville, LA. *Id.* at 10. In the complaint, Plaintiffs alleged that the FedEx pallet was improperly stacked and was top heavy which caused it to fall on Mr. Segura, thereby causing his injuries. *Id.* at 7. Plaintiffs further alleged that the USPO loading dock was not clear of certain pallets and packages which precluded Mr. Segura from moving out of the way of the falling pallet. *Id.* Thus, Plaintiffs alleged that the failure of the USPO to properly clear the loading dock contributed to Mr. Segura's injuries. *Id.*

1

Plaintiffs instituted this action on December 11, 2012 in the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 5-1, p. 2. Subsequently, Plaintiffs filed a Second Supplemental and Amending Petition naming the USPO as a party defendant on September 15, 2014. R. Doc. 1-2, pp. 6-8. The United States, on behalf of the USPO, removed the action to this Court on October 29, 2014. R. Doc. 1, pp. 1-2. Mr. Segura seeks compensation for the injuries he sustained, medical expenses, lost wages, loss of future earning capacity, and loss of enjoyment of life. R. Doc. 1-2; p. 11. Mrs. Segura seeks compensation for her loss of Mr. Segura's society, consortium, and services. *Id.* at 15.

In the instant motion, Plaintiffs seek to compel a response to certain topics of inquiry set forth in Plaintiffs' Notice of Corporate Deposition under Federal Rule of Civil Procedure ("Rule") 30(b)(6) and a response to Plaintiffs' Interrogatories and Request for Production of Documents. R. Doc. 24, p. 1. Plaintiffs' further request an order compelling FedEx to produce FedEx CEO, Barb Wallander, for the completion of the FedEx corporate deposition. *Id.* Lastly, Plaintiffs request that all costs and attorney fees associated with the bringing of this Motion and the continuation of the Rule 30(b)(6) deposition be assessed against FedEx under Rule 37.

## II.   **Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507

(1947)). Furthermore, "it is well established that the scope of discovery is within sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party in its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* However, such materials may be discoverable when either allowed by Rule 26(b)(1), or when a party shows a "substantial need" for the information and that obtaining the information by another means would pose an "undue hardship." *Id.*

Rule 33 states that "a party may serve on any other party no more than 25 written interrogatories." *Id.* at 33(a)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." *Id.* at 33(a)(2). The responding party "must serve its answers and any objections within 30 days after being served with the interrogatories." *Id.* at 33(b)(2).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity

3

each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

**III.   Analysis**

    **A.   Production of FedEx CEO for Completion of Corporate Deposition**

Plaintiffs argue that FedEx's corporate representative designated to answer questions related to Plaintiffs' Request for Documents Schedule No. 11[1], Christopher Burg, was not a competent witness. R. Doc. 24-1, p. 2.[2] Plaintiffs assert that "FedEx admittedly produced a witness with incomplete knowledge about the requested information." *Id.* at 3. Furthermore, Plaintiffs argue that FedEx's witness designated to answer questions in reference to Request for Documents Schedule No. 17[3], Anthony Calvino ("Mr. Calvino"), was also not a competent witness. *Id.* at 4. Plaintiffs support this contention by referencing Mr. Calvino's statements that he did not know if any responsive documents existed, that he did not check to see if such documents do in fact exist, and that he was not the best person to testify regarding the existence of documents responsive to Request for Documents Schedule No. 17. *Id.*

---

[1] Request for Documents Schedule No. 11 reads as follows: "All documents, correspondence, letters, electronic files, emails, memos, notes, videos, pictures or other data regarding any personal injuries sustained due to falling or unstable FedEx pallets in the last five (5) years." R. Doc. 24-4, p. 2.

[2] Plaintiffs' included their Schedule of Documents in Plaintiff's Notice of Deposition of FedEx Smartpost, Inc. ("Notice of Deposition") (R. Doc. 24-4). The matters listed in the Notice of Deposition specifically reference the Schedule of Documents and state that the questions asked during the deposition will be in reference to those documents which Plaintiffs' are requesting Defendants produce in the Schedule of Documents.

[3] Request for Documents Schedule No. 17 reads as follows: "All documents, reports, statements, correspondence, letters, electronic files, emails, memos, notes, videos, surveillance, pictures or other data in any way relating to the alleged accident involving Tracy Segura on September 11, 2012 at the U.S. Post Office on St. Ann Drive in Mandeville, LA." R. Doc. 24-4, p. 3.

In response to Plaintiffs' contention that FedEx produced incompetent witnesses, FedEx argues that "Plaintiffs have made a general, conclusory allegation, yet provide no specific examples of the alleged inadequacy or other support for this allegation." R. Doc. 27, p.3. Additionally, FedEx argues that Plaintiffs' Motion refers to their Schedule of Documents in determining the competence of the witnesses produced by FedEx. *Id.* at 4. According to FedEx, this is incorrect as the Schedule of Documents is solely a list of documents to be produced and the issues to be addressed during the deposition are listed in the body of the Notice of Deposition. *Id.* FedEx also references their "continuing objection" during the deposition that certain questions asked regarding Request for Documents Schedule No. 17 were outside the scope of the areas of examination set forth in the Notice of Deposition. *Id.* at 3.

During oral argument, Plaintiffs' counsel re-urged their argument that FedEx produced incompetent witnesses and therefore, FedEx should be compelled to produce CEO Barb Wallander in order to complete the corporate deposition. Plaintiffs' counsel urged that the CEO would have access to the information and therefore could prepare for the deposition.

Despite Plaintiffs' insistence, the Court notes that this is a simple personal injury case and it is unrealistic to believe that the CEO of FedEx would have personal knowledge regarding the pallet that was involved in this accident. Further, it would be highly inconvenient to compel the CEO to leave her regular tasks in running a large company, such as FedEx, in order to prepare for a deposition regarding a simple personal injury case.

It is also important to note that Plaintiffs do not cite to where FedEx made an admission that they provided an incompetent witness. This admission is not recorded in the corporate deposition transcript. Additionally, Plaintiffs do not provide any examples of the witnesses' inadequacy.

Moreover, under Rule 30(b)(6), FedEx has the ability to choose who they designate as a corporate representative to attend the deposition. Fed. R. Civ. P. 30(b)(6); *see also Averkamp v. Swimways Corp.*, No. 13-C-473, 2014 WL 6453915 at *1 (E.D. Wis. Nov. 17, 2014); *Plaquemines Holdings, LLC v. CHS, Inc.*, No. 11-3149, 2013 WL 1526894 at *1 (E.D. La. Apr. 11, 2013); *Radian Asset Assur., Inc. v. College of Christian Bros. of New Mexico*, No. CIV 09-0885 JB/DJS, 2010 WL 5173316 at *3 (D. N.M. Nov. 15, 2010); *Todd v. Precision Boilers, Inc.*, No. 07-0112, 2008 WL 4722338 at *2 (W.D. La. Oct. 24, 2008). Plaintiffs do not have a say in this decision and may not compel the presence of a high ranking corporate official simply because they are dissatisfied. *See Thomas v. International Business Machines*, 48 F. 3d 478, 483 (10th Cir. 1995) (discussing Chairman of the Board of Director's lack of personal knowledge as to the events in question and inconvenience involved in compelling deposition of Chairman); *Salter v. Upjohn Co.*, 593 F. 2d 649, 651 (5th Cir. 1979) (affirming district court judge's decision to deny production of company President for deposition because he "was extremely busy and did not have any direct knowledge of the facts").

Therefore, Plaintiffs' request for an order compelling FedEx CEO Barb Wallander to appear for the completion of the corporate deposition is denied as the information sought is irrelevant to her job. Plaintiffs are permitted to reissue a Rule 30(b)(6) notice, however, Plaintiffs are ordered to provide this Court with their notice of corporate deposition for approval prior to serving Defendants.

**B.     Request for Documents Schedule No. 11**

Plaintiffs argue that FedEx has not produced "two pages of OSHA documents from 2011 and 2009 and a two page Excel spreadsheet listing personal injuries in 2013 and 2014" that were identified during the deposition as Exhibits 5 and 6 in response to Request for Documents No. 11, and shown to Plaintiffs' counsel. R. Doc. 24-1, p. 3. According to Plaintiffs' Motion to

Compel, these four pages were not the only documents responsive to Request for Documents Schedule No. 11. At the deposition, defense counsel stated that the search was not complete and Plaintiffs would be kept abreast of further discoveries. *Id.*

During oral argument, Plaintiffs' counsel argued that Defendants responded to this request on June 22, 2015. Thereafter, Defendants sent supplemental responses on July 13, 2015, which Plaintiffs' counsel failed to review because she took a personal day on the Tuesday before the hearing. Plaintiffs' counsel argued that she was not happy with the responses.

In contrast, defense counsel argued during oral argument that they have completed reasonable good faith searches for responsive documents and that everything responsive was sent to Plaintiffs. He further argued that in each response, he signified exactly which documents are responsive to each request.

Based on the representation of defense counsel and Plaintiffs' counsel's failure to review the documents prior to oral argument, the Court finds that this request has been satisfied and the issue is moot.

### C. Request for Documents Schedule No. 17

Plaintiffs contend that they did not receive a response to Request for Documents No. 17. Defense counsel contends that Plaintiffs' contention is erroneous as Defendants informed Plaintiffs on numerous occasions that there were no documents located that are responsive to that request. He contends that no complaint was made when the accident occurred and there was no accident report filed. Since Plaintiffs' counsel does not trust defense counsel's representations, it is ordered that Defendants provide a verified response from FedEx stating that no such documents exist.

D.   **Interrogatory No. 14**[4]

Defendants' initial response to Interrogatory No. 14 raised certain objections to the Interrogatory and stated that the responsive information had to be retrieved from archives, which was an arduous task that would take some time and would be completed by July 17, 2015. Defendants contend that they sent all responsive documents to Plaintiffs' counsel on July 13, 2015.

Plaintiffs' counsel urged that she was dissatisfied with the responses because she could not tell exactly what the documents represented. She argued that in order to decipher the information, she would need to re-depose the corporation. Plaintiffs' counsel further took issue with the confidential stamp on the documents because it apparently distorted her view of some of the information on the documents.

Defense counsel explained that the documents represent all of the deliveries sent to the Mandeville post office on the two dates Plaintiffs requested and agreed to work with Plaintiffs' counsel to interpret the data without conducting another deposition. Plaintiffs' counsel agreed to work with defense counsel to interpret the data and therefore, Interrogatory No. 14 is satisfied and the point is moot.

E.   **Interrogatory No. 21**[5]

Defendants initially responded to Interrogatory No. 21 by stating that the information requested must be retrieved from archives, which is an arduous and time consuming task, and

---

[4] Interrogatory No. 14 reads as follows: "Identify the flag numbers of the pallets shipped from the FedEx hub in Memphis arriving to the Tiger Logistics facility in Harahan, Louisiana on September 11, 2012. *See* R. Doc. 24-12, p. 7. Interrogatory No. 14 was not specifically raised as an issue in Plaintiffs' motion. Plaintiffs' counsel raised the issue of Defendants' response to Interrogatory No. 14 during oral argument.

[5] Interrogatory No. 21 reads as follows: "Identify the date(s) on which the pallet at issue was palletized, flagged, and given by FedEx SmartPost to FedEx Ground for delivery to Tiger Logistics." *See* R. Doc. 24-12, p. 8. Interrogatory No. 21 was not specifically raised as an issue in Plaintiffs' motion. Plaintiffs' counsel raised the issue of Defendants' response to Interrogatory No. 21 during oral argument.

represented that they would have responses by July 17, 2015. Defendants supplemented their initial response on July 13, 2015.

The document produced on July 13, 2015 was a list of people who were working on September 13, 2012, two days after the date Plaintiffs requested. Defense counsel stated that September 13th was the closest date that they could come to determining who worked on September 11th. He implied that the list requested is not readily available and the list produced was generated for an unrelated matter contemporaneous to the period of time at issue and therefore, that is what his client provided.

The list produced is non-responsive to the request. Further, the Court finds that FedEx failed to make a reasonable inquiry for the list of employees who worked on September 11, 2012. Therefore, FedEx is required to supplement its response to Interrogatory No. 21. FedEx needs to do a proper search and provide the information requested.

### F.   Rule 37 Attorney Fees

Plaintiffs seek an award of attorney fees and reasonable expenses incurred with filing this motion. R. Doc. 24, p. 1.  Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A); *S. U.S. Trade Ass'n v. Unidentified Parties*, No. CIV.A. 10-1669, 2012 WL 112238, at *2 (E.D. La. Jan. 11, 2012).  If the motion is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

Plaintiffs' request for attorney fees is denied because the motion was only partially successful. *See* Fed. R. Civ. P. 37.

**III.     Recommendation**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Compel Discovery Reponses and Completion of Corporate Deposition of FedEx Smartpost (R. Doc.24)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion to compel production of FedEx CEO, Barb Wallander, for the completion of the Rule 30(b)(6) corporate deposition is **DENIED**. Plaintiffs' motion to compel responses to Request for Documents No. 11 and Interrogatory No. 14 has been satisfied and are **DENIED AS MOOT**. Plaintiffs' motion to compel a response to Interrogatory No. 21 is **GRANTED** and shall be produced within ten (10) days of the signing of this order.

**IT IS FURTHER ORDERED** that Plaintiffs submit their Rule 30(b)(6) notice of corporate deposition to this Court for approval prior to serving Defendants.

**IT IS FURTHERED ORDERED** that Defendants provide a verified statement from FedEx confirming that there are no responsive documents to Request for Documents Schedule No. 17 within five days of this order.

New Orleans, Louisiana, this 29th day of July 2015.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE